Smith, P. J.
Action under the statute known as the Civil Damage Act, to recover damages for the death of plaintiff’s husband alleged to have been caused by the wrongful acts of the defendant. The plaintiff resides in the town of Caledonia, Livingston county, and the defendant, lives near her in the town of Mumford, Monroe county.
*646 For the purposes of the motion, the defendant made an affidavit in which he named twenty-one persons residing in Mumford, who, as he was advised and believed, were necessary and material witnesses for nis defense, and by whom, respectively, he expected to prove certain facts detailed in his affidavit.
In opposition to the motion, the plaintiff read the affidavits or depositions of nearly all of those persons, in which each of them alleged, in substance, that he knew nothing of and could not swear to, the matters which the defendant stated in his affidavit that he expected to prove by them, The plaintiff’s affidavit was also read stating the names of several persons residing in Caledonia, who, as she was advised, were material witnesses for her, and detailing the facts which she expected to prove by them.
There is no reason disclosed by the papers, for suspecting the good faith and honesty of the persons whose affidavits were produced by the plaintiff, in making such affidavits, or for supposing that they did not fully understand the contents of the affidavits when they made them. If their affidavits are true, they are not material or necessary witnesses for the defendant, and without characterizing the defendant’s affidavit as a fraud upon the court, it is apparent that his expectation in regard to what he can prove by the witnesses named is unfounded. It would be unwarranted and most unjust to the persons referred to, to assume without any proof whatever, that they have wilfully sworn falsely in their affidavits, to relieve themselves from the necessity of attending the trial as witnesses. It seems to us, therefore, that in determining what disposition of the motion will promote the convenience of witnesses, the persons referred to should not be taken into the account, and upon that basis, it is apparent that the place of trial should be retained in Livingston.
Some technical objections are made to the plaintiff’s affidavit, but as they do not appear to have been taken at the special term, and are of such a nature that they might have been obviated, if attention had been called to them, they can not be heard for the first time on appeal. Gorman v. South Boston Iron Co., 32 Hun, 71.
The order appealed from should be reversed and the motion to change place of trial denied, with ten dollars costs and disbursements of the appeal to abide event.
Haight and Bradley, JJ., concur.